18-2351-cv
Daniel v. T&M Prot. Res., LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of July, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             RICHARD J. SULLIVAN,
                  *Circuit Judges*.

_____

OTIS A. DANIEL,

     *Plaintiff-Appellant*,

       v.                                                                 18-2351-cv

T&M PROTECTION RESOURCES, LLC,

     *Defendant-Appellee*.[1]

_____

Appearing for Appellant:      Otis A. Daniel, pro se, New York, N.Y.

Appearing for Appellee:       Meredith Cavallaro, Leonard Weintraub,
                              Paduano & Weintraub LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Otis Daniel, pro se, sued his former employer, T&M Protection Resources, LLC ("T&M"), under Title VII for hostile work environment. He alleged that his supervisor, John Melidones, harassed him based on his race (Black), national origin (St. Vincent and the Grenadines), and sex/sexual orientation (male and gay). The district court initially granted summary judgment to T&M, but we vacated the judgment. *Daniel v. T&M Prot. Res., LLC*, 689 F. App'x 1 (2d Cir. 2017) (summary order). On remand, the district court held a bench trial and found in favor of T&M. Daniel appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing a judgment entered after a bench trial," we review the district court's findings of fact for clear error and its "conclusions of law, and its application of the law to the facts, *de novo*." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). Further, we may not "second-guess the bench-trial court's credibility assessments." *Id.*

The factual findings of the district court that Daniel challenges on appeal are not clearly erroneous. First, the district court found that Daniel lacked credibility with respect to the most serious incidents, i.e., that Melidones had called Daniel a racial slur and had rubbed his genitals on Daniel's buttocks while asking if Daniel was gay (in May 2012 and July 2011, respectively). Daniel failed to mention these events in any of the numerous letters or complaints he wrote before or after his termination. The court also found that Daniel's testimony as to the racial slur incident lacked credibility because it "betrayed a degree of paranoia and an easy willingness to blame T&M and/or Melidones" for his life's circumstances. *Daniel v. T&M Prot. Res. LLC*, No. 13 Civ. 4384 (PAE), 2018 WL 3621810, at *15 (S.D.N.Y. July 19, 2018). Finally, Melidones's denial of using the slur was consistent with the testimony of other former T&M employees, who credibly testified that Melidones had never used those words or exhibited racial bigotry. The district court's factual findings are thus amply supported by the record.

Nor do we find merit in Daniel's remaining challenges to the district court's factual findings. Most of those findings were based on a credibility assessment, by which the district court found Melidones's denial of the events more credible than Daniel's story. Because "there are two permissible views of the evidence," the district court's decision to choose T&M's view "cannot be clearly erroneous." *Krist*, 688 F.3d at 95.

Daniel further argues that the exhibits T&M submitted to the court were misleading and knowingly incomplete. He does not point to anything more than the fact that T&M argued that Daniel mostly relied on his personal recollection as evidence for his claims, rather than extrinsic evidence, and that T&M objected to the introduction of a letter belatedly submitted for trial. He relies on his motion for reconsideration as support for his argument that T&M's trial exhibits were incomplete. The reconsideration motion included a copy of a complaint Daniel filed with the Equal Employment Opportunity Commission, but the complaint failed to mention that

2

Melidones rubbed him with his genitals or that Melidones used a racial epithet. It also included a copy of a document Daniel filed with the New York State Division of Human Rights that failed to mention either incident; it merely stated that Melidones rubbed his shoulder on Daniel's shoulder, not his genitals on Daniel's buttocks. Neither of these documents would render the district court's factual findings erroneous or show that T&M's exhibits were incomplete or misleading. The remaining exhibits, which included various emails and letters Daniel wrote during the course of litigation, do not have any bearing on the completeness of T&M's trial exhibits.

As for Daniel's challenges to the district court's legal conclusions, those arguments are meritless. "In order to establish a hostile work environment claim under Title VII, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (internal quotation marks omitted). A "[p]laintiff must show not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). "[A] mild, isolated incident does not make a work environment hostile[.] [Instead,] the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003) (emphasis omitted) (internal quotation marks omitted).

Daniel alleges, and the district court found, that Melidones: (1) sang a calypso song in Daniel's presence; (2) occasionally mocked Daniel's accent; (3) occasionally called another guard "Manny the homo" in Daniel's presence; (4) occasionally asked Daniel to define large words; and (5) asked Daniel if he supported Barack Obama. These allegations, even if true, established only mild or isolated instances of harassment, which are insufficient to create a hostile work environment. *See id.*

Daniel next argues that the district court proceedings were unfair to him because (1) he was pro se for most of the case, (2) his pro bono counsel at trial made bad strategic choices and that he had "valid legal claims that were dropped or removed from the case," Appellant's Br. at 16, and (3) his counsel and T&M did not address certain documents submitted to the district court prior to trial and he was never questioned about these issues. However, the district court appointed Daniel counsel for both discovery and trial, minimizing any risk that his pro se status would have affected the outcome of his case. To the extent Daniel argues that his trial counsel was ineffective, there is generally no right to counsel (and therefore no right to effective counsel) in civil cases. *See Turner v. Rogers*, 564 U.S. 431, 441-42 (2011) (holding that "the Sixth Amendment does not govern civil cases" and individuals will only have a right to counsel in civil cases when facing the possibility of incarceration). Further, the other claims that Daniel asserted in his amended complaint were dismissed, and his appeal of those dismissals was also dismissed as frivolous. Finally, T&M had no obligation to assist Daniel in proving his case, and Daniel should have discussed these documents with his attorney.

3

We have considered the remainder of Daniel's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4